1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     FLETCHER SHERMAN LEGARDY,            No.  2:23-cv-00182 DAD AC PS

12                 Plaintiff,

13          v.                              ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14     McDONALDS,

15                 Defendant.

16

17          Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

18     by E.D. Cal. R.  302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19     pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that

20     statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

21                                      I.  SCREENING

22          A determination that a plaintiff qualifies financially for in forma pauperis status does not

23     complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

24     dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

25     relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

26     28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is

27     frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

28     ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a

                                              1

1    "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed

2    in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is

3    entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the

4    relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and

5    directly.  Fed. R. Civ. P. 8(d)(1).

6         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7    Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

8    court will (1) accept as true all of the factual allegations contained in the complaint, unless they

9    are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

10   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

11   Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

12   denied, 564 U.S. 1037 (2011).

13        The court applies the same rules of construction in determining whether the complaint

14   states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

15   must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

16   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

17   less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

18   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

19   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

20   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

21   to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

22   556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must

23   allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at

24   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26   Iqbal, 556 U.S. at 678.

27        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

28   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

2

1    <u>Noll v. Carlson,</u> 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

2    stated in <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

4          The putative complaint consists of two pages of illegible handwriting.  ECF No. 1 at 7-8.

5    No cause of action is discernible.  No facts are clearly alleged.  The handwriting appears to state

6    "1954, I am Six.  This company make Black . . ."  ECF No. 1 at 7.  A reference to the year 1962

7    appears twice on the same page.  <u>Id.</u>  On the second handwritten page, there is a reference to the

8    year 1968, and a later line reads, "In 1988 The company."  <u>Id.</u> at 8.  The same page appears to

9    state.  "The company worth 80 billion dollars," and another line reads "ask for my hair."  <u>Id.</u>

## III.  ANALYSIS

11         The complaint does not contain facts supporting any cognizable legal claim against any

12   defendant.  The court finds that the complaint consists entirely of fanciful and delusional

13   allegations with no basis on law and no plausible supporting facts.  <u>See</u> ECF No. 1.  The contents

14   of the complaint are sufficiently unintelligible to make it clear that leave to amend in this case

15   would not be fruitful.  The undersigned will therefore recommend that the complaint be dismissed

16   with prejudice.

## IV.    PRO SE PLAITNIFF'S SUMMARY

18         Your motion to proceed IFP is being granted and you do not have to pay the filing fee.

19   However, it is being recommended that this case be dismissed because your complaint does not

20   present any legal claims or facts that could support a claim.  You can object to this

21   recommendation by filing objections with the court within 21 days.

## V.  CONCLUSION

23         In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to

24   proceed in forma pauperis (ECF No. 2), is GRANTED.

25         Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should

26   be DISMISSED with prejudice.

27         These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

1  after being served with these findings and recommendations, plaintiff may file written objections

2  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

3  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

4  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

5  (9th Cir. 1991).

6       IT IS SO ORDERED.

7  DATED: February 1, 2023

8  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28